**Robert H. NYSTED, Plaintiff,**

v.

**PATRIOT AMERICAN HOSPITALITY, INC., Defendant.**

No. CivA 98–C–0175.

United States District Court, E.D. Wisconsin.

Feb. 1, 2000.

---

George Burnett, Thomas M. Olejniczak, Liebmann, Conway, Olejnkzak & Jerry, Green Bay, WI, for plaintiff.

Robert P. Ochowicz, Kasdorf, Lewis & Swietlik, Milwaukee, WI, for defendant.

## DECISION AND ORDER DATED Feb. 1, 2000 GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

REYNOLDS, District Judge.

Plaintiff Robert H. Nysted ("Nysted") seeks damages for injuries allegedly caused by defendant's negligence. Defendant Patriot American Hospitality, Inc. ("Patriot"), is currently the owner of the Wyndham Aruba Beach Resort & Casino in Aruba ("hotel"), where Nysted was a guest, and where Nysted sustained injuries, in December 1994.

This court has jurisdiction, pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship and the amount in controversy exceeds $75,000. Before the court is Patriot's motion for summary judgment, which the court grants.

### BACKGROUND

Nysted is a resident of Green Bay, Wisconsin. On December 24, 1996, while a guest at the hotel, Nysted fell while entering an elevator. Nysted alleges that the elevator had stopped several inches below floor level, and that he sustained injuries as a result.

### DISCUSSION[1]

The court has previously determined that Wisconsin law will be applied to this action. (*See* Oct. 7, 1999 Order.)

---

**6.** This court's August 19, 1999 decision and order dismissed defendants' second, third, and fourth counterclaims.

**1.** The court must grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as

### Safe Place Statute Claim

The Safe Place Statute requires that "every owner of a ... public building ... shall so construct, repair or maintain such ... public building as to render the same safe." Wis.Stat. § 101.11(1). To be liable under the Safe Place Statute, the following elements must be present:

(1) the existence of a hazardous condition;

(2) that such condition caused the injury; and

(3) that defendant knew or should have known of the condition.

*Topp v. Continental Ins. Co.*, 83 Wis.2d 780, 787, 266 N.W.2d 397, 402 (1978).

Patriot argues that Nysted may not recover because he cannot establish that Patriot had sufficient notice of any defect in the elevator. Nysted responds that the Safe Place Statute merely lays out a standard of care, and does not create a cause of action,[2] so that he does not need to rely on the Safe Place Statute, but may simply pursue a claim of common law negligence. The court will therefore proceed to analyzing Nysted's negligence claim.

### Common Law Negligence Claim

Patriot likewise challenges Nysted's negligence claim on the ground that it had no notice of any defect in the elevator. To prevail on his negligence claim, Nysted must establish:

(1) a duty of care on the part of Patriot;

(2) a breach of that duty;

(3) a causal connection between the conduct and the injury; and

(4) an actual loss or damage as a result of the injury.

*Antwaun A. v. Heritage Mut. Ins. Co.*, 228 Wis.2d 44, 55, 596 N.W.2d 456, 461 (1999).

Whether there is a duty depends on foreseeability. *Id.*, 228 Wis.2d at 56, 596 N.W.2d at 461.

Nysted does not directly respond to Patriot's arguments with respect to his common law negligence claim. However, the court will look to Nysted's discussion, in the context of the Safe Place Statute, regarding notice.

Nysted asserts that the hotel had constructive notice of problems with the elevator. In support, Nysted states that "[t]estimony from Riccardo Rivas suggests that the hotel in fact knew or should have known and appreciated that the elevators were overcrowded at times." (Pl.'s June 3, 1999 Br. at 9.)[3] While not elaborating, apparently the hotel's elevators work on a counter-balance system to ensure that the elevators stop at floor level, and that when an elevator is overcrowded, the counter-balance system is thrown off. The cited testimony by Mr. Rivas, an engineer with Schindler, the company which maintains the elevators for the hotel, indicates the following. A sign which came with the elevator states that the elevator's capacity is eighteen people, while the hotel has posted another sign that indicates the capacity is twelve people. While Mr. Rivas has seen fifteen people at once on a hotel elevator, he was told by an unidentified mechanic from the hotel's engineering department that sometimes twenty or twenty-five people go into the elevators. (Jan. 8, 1999 Rivas Dep. at 53–54.) There is no discussion regarding (1) how this knowledge is to be imputed to the hotel, (2) whether the elevator was overcrowded, so as to throw off its counter-balance system, prior to Nysted's accident, and (3) the specific elements of Nysted's negligence claim.[4]

---

to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). All facts are considered in the light most favorable to the non-movant, and all inferences are resolved in the non-movant's favor. *Simpson v. Borg–Warner Automotive*, 196 F.3d 873, 876 (7th Cir.1999).

**2.** The court notes that the Wisconsin Supreme Court has recognized otherwise. *See e.g., Antwaun A. v. Heritage Mut. Ins. Co.*, 228 Wis.2d 44, 63, 596 N.W.2d 456, 464 (1999).

**3.** Nysted also summarily states that "there is testimony supporting that the Defendant neglected to take minimum precautions to avoid elevator overcrowding," (Pl.'s June 3, 1999 Br. at 9), without specifying the precautions to be taken, or supplying a citation to record evidence in support of his statement.

**4.** Not specific to Patriot's challenge to his negligence claim, Nysted argues that there is a dispute as to whether Patriot had notice of

Nysted has failed to make a sufficient showing on essential elements of his claim against Patriot. Summary judgment will therefore be granted in favor of Patriot.

## CONCLUSION

Defendant Patriot American Hospitality, Inc.'s motion for summary judgment is **GRANTED.**

This action is **DISMISSED.**

any problems with the elevator, because Schindler, the elevator maintenance company, does not maintain records. (Pl.'s June 3, 1999 Br. at 2–3.) The record citations in Nysted's brief indicate that under the hotel's maintenance agreement, Schindler completes scheduled maintenance once a month. However, Mr. Rivas, one of Schindler's engineers, is on call twenty-four hours a day, and Schindler in fact goes to the hotel more than once a month. A maintenance report is filled out for scheduled monthly preventative maintenance, but no reports are filled out for other visits to the hotel, except when parts are needed. Mr. Rivas does take personal notes for other than routine work, but only has his notes since 1998, having destroyed his earlier notes because of the passage of time. The hotel does not keep track of elevator problems, but rather leaves that to Schindler. How these facts indicate that the hotel had notice of problems with the elevator is not explained, nor can the court discern the connection.